THE PEOPLE OF THE STATE OF NEW YORK ex rel. HANNAH M. STEVENS AND ELIZABETH S. MILLER, APPELLANTS, v. ABRAHAM LOTT, SURROGATE OF THE COUNTY OF KINGS, RESPONDENT.

*Surrogate — order opening a decree — how reviewed — Code of Civil Procedure, sec. 2481, sub. 6.*

In an application made by the relator, for a final accounting by the administrator of one Stevens, the accounts of one of the administrators, Miles, which were the subject of much objection, were referred to a referee, who made a report which was confirmed by the surrogate. Before a final decree was signed, the administrator Miles moved to open the decree upon the ground that he had omitted to credit himself with a large sum, which had been paid to one of the relators. The surrogate permitted him to file a supplemental account, and referred the same back to the referee to hear and determine the question arising upon the account, and to report back the testimony. Thereupon the relators applied for a writ of *mandamus,* commanding the surrogate to forthwith make and sign the decree.

*Held,* that the application was properly denied.

That the order of the surrogate was reviewable by appeal, and that the case was not one in which the writ should be issued.

APPEAL by the relators from an order made at the Kings county Special Term, denying a motion for a peremptory *mandamus* commanding the surrogate of Kings county to forthwith make and sign a decree in a matter in which they were interested.

*Merritt E. Sawyer*, for the appellant.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J.:

There is no case made for a writ of *mandamus*. The relators applied to the surrogate of Kings county for a final accounting. The account of Nathaniel Miles, one of the administrators, was the subject of much objection, and the same were referred by the surrogate to Mr. W. S. Coggswell. After a protracted hearing the referee made a report which was confirmed by the surrogate. Before a final decree was signed, the administrator Miles made an application to open the decree, upon proof that he had omitted to credit himself with a large sum, which had been paid to one of the relators, Mrs. Miller. The surrogate permitted Miles, the administrator, to file a "supplemental account thereof," with vouchers, and the same was referred back to the referee to hear and determine the questions arising upon the account, and to report back the testimony. This order was within the statute power of the surrogate. By section 2481, subdivision 6, the surrogate has power to open, vacate, set aside or modify a decree, or to grant new trials. His order in such a case is appealable, and, if erroneous, can be corrected by force of the same section. *Mandamus* is not a remedy by which such an order can be disregarded. The supplemental account involved the opening of the decree so far, and the duty of the surrogate was not a ministerial one to sign the decree, as it would have been if no supplemental account was permitted.

The order should be affirmed, with fifty dollars costs.

DYKMAN, J., concurred.

Order refusing writ of *mandamus* affirmed, with costs and disbursements.